UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Nuro Bedasso Defedo,

                          Plaintiff,                    Civ. No. 15-2585 (RHK/BRT)

                                                               **ORDER**

v.

Paul P. Schnell, *et al.*,

                          Defendants.

---

In this action, Plaintiff Nuro Bedasso Defedo has sued the City of Maplewood (the "City"), the Maplewood Police Department, and Paul Schnell, Maplewood's chief of police, for allegedly violating his constitutional rights during a June 25, 2014 incident at Maplewood Motors, LLC, d/b/a Maplewood Toyota ("Maplewood Toyota"); Maplewood Toyota also is named as a Defendant. All Defendants now move to dismiss, and for the reasons that follow, their Motions will be granted.

The Complaint[1] alleges that on June 25, 2014, Defedo brought his vehicle to Maplewood Toyota for servicing, and the dealership loaned him a vehicle to drive while his was being serviced. (Compl. ¶¶ 15-16.) He was called later that evening and advised his vehicle was ready for pick up. (Id. ¶ 17.) But when he returned, employee Joseph Rehling informed Defedo there was damage to the loaner vehicle. (Id. ¶ 18.) Defedo denied causing any damage and claimed Maplewood Toyota had failed to notice pre-

---

[1] The parties have submitted affidavits and exhibits with their Motions. (See Doc. Nos. 13, 19.) When matters beyond the pleadings are submitted in connection with a motion to dismiss, the Court enjoys "complete discretion" whether to consider them. Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 701 (8th Cir. 2003) (citation omitted). It declines to do so here.

existing damage when giving him the loaner. (Id. ¶ 19.) Rehling told Defedo he could not leave until he provided his insurance information, but Defedo refused because he claimed he had not damaged the vehicle. (Id. ¶¶ 20-23.) Rehling then called Maplewood Police; officers Pheng Her and Brian Micheletti were dispatched. (Id. ¶¶ 24-25, 30.) Over Defedo's protests, Micheletti prevented Defedo from leaving, ordering him to stay in his car. (Id. ¶¶ 26-27.) Forty-five minutes later, Her gave Defedo a Trespass Notice, informing him that Maplewood Toyota had banned him from its property. (Id. ¶ 30.)

Defedo later filed the instant action, alleging discrimination in violation of the Fourth and Fourteenth Amendments to the Constitution (Count I) and 42 U.S.C. § 1981 (Count II), unlawful arrest under the Fourth Amendment (Count III), and various state-law torts (Counts IV-IX). All Defendants have moved to dismiss.[2]

*First*, the discrimination claims fail. To the extent those claims are alleged against the City (via 42 U.S.C. § 1983),[3] Defedo can succeed only by showing a municipal policy or custom led to the discrimination. See Monell v. Dep't of Soc. Servs., 436 U.S. 658,

---

[2] A complaint will survive a motion to dismiss only if it includes "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. Id. at 555; accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, the party seeking relief must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). In reviewing a motion to dismiss, the Court "must accept a plaintiff's specific factual allegations as true but [need] not . . . accept . . . legal conclusions." Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing Twombly, 550 U.S. at 556).

[3] The claims against the Maplewood Police Department fail because it is not a separate, suable entity, but rather is simply a "department[] or subdivision[] of the City government." Ketchum v. City of W. Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992).

694 (1978).  Yet, while he has baldly alleged the existence of a discriminatory municipal policy or custom, he points *only* to the incident in question here.  (See Compl. ¶ 41.) This is not enough.  See, e.g., Thelma D. *ex rel.* Delores A. v. Bd. of Educ. of St. Louis, 934 F.2d 929, 933 (8th Cir. 1991) (plaintiff failed to allege facts sufficient to plead a municipal policy or custom where the "alleged incidents [were] relatively isolated").  His § 1981 claim against the City fails for the same reason.  See, e.g., Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 720-21, 731-32 (1989) (§ 1981 creates no direct cause of action against a municipality, and hence such a claim must be brought through § 1983).

Defedo fares no better in seeking to impose liability on Maplewood Toyota.  His § 1983 claim falters because he has not pleaded sufficient facts to adequately allege it was acting under color of state law, see West v. Atkins, 487 U.S. 42, 49 (1988) (private defendant sued under § 1983 must exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law"), and the § 1981 claim fails because he has only asserted in conclusory fashion, with no supporting factual allegations, that the dealership intended to discriminate against him on the basis of his "race, color, ethnicity and/or national origin" (Compl. ¶ 53), see Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004).

*Second*, Defedo's unlawful-arrest claim fails.  He asserts he was wrongly "arrested" by City officers without probable cause, in violation of the Fourth Amendment (Compl. ¶¶ 63, 65-66), but he has not sued the "arresting" officers.  Instead, he has sued Schnell, but there are no allegations Schnell was involved in the "arrest" – in fact, there are no allegations concerning Schnell *at all* in the Complaint.  See, e.g., Heartland Acad.

Cmty. Church v. Waddle, 595 F.3d 798, 804 (8th Cir. 2010) (constitutional torts are analyzed individually).[4] Moreover, neither the City nor Schnell can be liable for a Fourth Amendment violation under the doctrine of *respondeat superior*. Monell, 436 U.S. at 691. And, to the extent Defedo seeks to impose Fourth Amendment liability on Maplewood Toyota, this claim fails because, again, he has not pleaded facts sufficient to allege the dealership was acting under color of state law.[5]

*Finally*, Defedo has asserted a number of state-law claims. But jurisdiction over those claims is predicated on the supplemental-jurisdiction statute, 28 U.S.C. § 1367, and when a district court has dismissed all claims over which it has original jurisdiction, it "should decline the exercise of jurisdiction" over the remaining claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Accordingly, the Court declines to exercise jurisdiction over Counts IV through IX and will dismiss those claims without prejudice.

---

[4] Insofar as Defedo has sued Schnell in his official capacity, that is "merely a [claim] against" the City of Maplewood and, hence, fails for the reasons already stated. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999).

[5] Defedo also seems to allege an equal-protection claim, but such a "class-of-one" claim also fails. See Flowers v. City of Minneapolis, 558 F.3d 794, 799 (8th Cir. 2009).

**CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motions to Dismiss (Doc. Nos. 10, 14) are **GRANTED**, and Defedo's federal claims (Counts I-III of the Complaint) are **DISMISSED WITH PREJUDICE**.  The Court **DECLINES** to exercise supplemental jurisdiction over Defedo's state-law claims (Counts IV-IX of the Complaint), and those claims are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: October 27, 2015                               s/Richard H. Kyle
                                                     RICHARD H. KYLE
                                                     United States District Judge